**Exhibit 1**

Protect Democracy PROJECT

July 17, 2026

United States Immigration & Customs Enforcement
FOIA Office 500 12th Street SW, Stop 5009
Washington, DC 20536-5009

RE: FOIA Request re DHS, CBP, and ICE media and influencers
VIA: ICE FOIA Portal, SecureRelease.us

Dear FOIA Officer,

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Protect Democracy Project hereby requests that your office produce within 20 business days the following records:

From May 1, 2025, through the date on which searches are conducted for records responsive to this request:

1. All contracts, agreements, memoranda of understanding, waivers, payments, or other documents in possession of the Department of Homeland Security ("DHS") (including but not limited to employees of Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP")) granting any member of the media, social media "influencer," or other civilian access to DHS operations, secure perimeters, and/or DHS/ICE/CBP staff.

2. All documents denying any member of the media or social media "influencer" access to DHS operations, secure perimeters, and/or DHS/ICE/CBP staff, including specifically all communications with individuals or outlets so denied.

3. Documents sufficient to identify non-DHS employees allowed to ride along in vehicles with or in convoy with DHS agents in Chicago, New Orleans, Minneapolis, Portland, and Los Angeles, including members of the media and social media "influencers." For the purposes of these requests, "DHS employees" include persons regularly employed by U.S. Immigration and

Protect Democracy PROJECT

Customs Enforcement, U.S. Customs and Border Protection, and any other federal law enforcement agents operating within DHS, including contractors.

4. All documents sufficient to show any payment of funds or other remuneration to, from, or earmarked for, any individual identified in response to request number 3.

5. All documents sufficient to identify all persons who are not DHS employees who were authorized to be inside the secure perimeter of DHS operations in Chicago, New Orleans, Minneapolis, Portland OR, Portland ME, and Los Angeles. For the purposes of these requests, "inside the secure perimeter of DHS operations" means any place to which the general public was not allowed access, such as inside buildings, behind gates, skirmish lines, or otherwise in close physical proximity to DHS agents.

6. All documents sufficient to show any payment of funds or other remuneration to, from, or earmarked for, any individual identified in response to request number 5.

7. All e-mail communication between DHS employees and/or its contractors, and all non-DHS employees identified in response to requests 3 and 5.

8. All communications, including through messaging apps (including Signal and WhatsApp) between DHS employees and/or its contractors, and all non-DHS employees identified in response to these requests 3 and 5.

9. All documents sufficient to show DHS expenditures for placards, patches, vests, or windbreakers marked "Media" or "Press."

10. All documents sufficient to show the identity of all individuals to whom DHS-funded placards, patches, vests, or windbreakers marked "Media" or "Press" were distributed for use.

11. All agency guidance issued governing how to treat or interact with members of the media or influencers in enforcement operations in Chicago, New

Protect Democracy PROJECT

Orleans, Charlotte, Minneapolis, Portland OR, Portland ME, and Los Angeles.

12. All documents (including contracts, agreements, waivers, payments, and memoranda of understanding) referencing non-DHS employees accompanying Kristi Noem to the roof of the ICE detention center in Portland Oregon on October 7, 2025 and otherwise present at the Portland ICE detention center on other dates.

13. All e-mail communication between DHS employees and/or its contractors, and all non-DHS employees identified in response to request 12.

14. All communications, including through messaging apps (including Signal and What'sApp) between DHS employees and/or its contractors, and all non-DHS employees identified in response to request 12.

15. Documents sufficient to show expenditures for the production of videos pertaining to DHS Operation Midway Blitz and Portland ICE protests, including payroll of staff and contractors, and including specifically any funds expended on:
    a. DHS video pertaining to the September 30 2025 raid of a South Shore IL neighborhood apartment building;
    b. DHS video pertaining to the September 16 2025 raid of a house in Elgin IL; and
    c. Videos published on DHS Instagram and X accounts between October 4-7 2025 showing munitions deployed outside of the Portland OR ICE facility.

16. In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, social media posts and messages, messages on messaging applications, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, and anyone who was cc'ed or bcc'ed on any emails.

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. See 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity. We prefer to receive the records in electronic format; however, we are willing to accept the best available copy of each such record.

## EXPEDITED PROCESSING

Protect Democracy Project requests that you expedite the processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E) and 47 C.F.R. § 0.461(h). FOIA provides for expedited processing where a requestor "demonstrates a compelling need." 5

U.S.C. § 552(a)(6)(E)(i); *see also* 47 C.F.R. § 0.461(h)(2). It defines "compelling need" to include situations where a "request [is] made by a person primarily engaged in disseminating information" and there exists an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v); *see also* 47 C.F.R. § 0.461(h)(3)(ii).

This request meets the criteria for expedited processing because there is an "urgency to inform the public concerning actual or alleged Federal Government activity"—namely the use of propaganda— and because Protect Democracy Project is "primarily engaged in disseminating information."

Courts have found that Protect Democracy "easily" satisfies the criteria for a requester primarily engaged in disseminating information. *Protect Democracy Project v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017); *see Protect Democracy Project v. U.S. Dep't of Just.*, 498 F. Supp. 3d 132, 139 (D.D.C. 2020). As explained below in more detail in the section of this request regarding a fee waiver, the Protect Democracy Project intends to disseminate publicly the information obtained in response to this request.

Moreover, there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E). This matter is urgent, and therefore merits expedited processing, because the public must be informed of the government activity at issue, including government expenditures on media efforts and treatment of members of the media.. Media coverage on the topic has been extensive. "[S]uch media coverage is strong evidence of an 'urgency to inform' the public." *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 299 (D.D.C. 2017); *see also Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 75 (D.D.C. 2006) ("Because the urgency with which the plaintiff makes its FOIA request is predicated on a matter of current national debate, . . . a likelihood for irreparable harm exists if the plaintiff's FOIA request does not receive expedited treatment."); *Protect Democracy Project, Inc. v. United States Dep't of Just.*, 498 F. Supp. 3d 132, 140 (D.D.C. 2020) (finding urgency in similar circumstances).

Pursuant to 5 U.S.C. § 552(a)(6)(E)(vi), I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief. And pursuant to 5 U.S.C. §

552(a)(6)(E)(ii) and 47 C.F.R. § 0.461(h)(4)(i), I seek your decision to grant or deny expedited processing within 10 calendar days of your receipt of this request.

## FEE WAIVER

Protect Democracy agrees to pay up to $1,000 in fees associated with this request in the event a fee waiver is denied. Thus, D.H.S. should not delay this FOIA request while fee waiver is under consideration. *See* 47 C.F.R. § 0.461(b)(2).

FOIA provides that any fees associated with a request are waived if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). One of the core missions of Protect Democracy Project, a 501(c)(3) organization, is to inform public understanding of the operations and activities of the government. This request is submitted in furtherance of the organization's mission to gather and disseminate information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Courts have found that Protect Democracy "easily" satisfies the criteria for a requester primarily engaged in disseminating information. *Protect Democracy Project v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017); *see Protect Democracy Project v. U.S. Dep't of Just.*, 498 F. Supp. 3d 132, 139 (D.D.C. 2020).] Protect Democracy Project has no commercial interests.

In addition to satisfying the requirements for a waiver of fees associated with the search and processing of records, Protect Democracy Project is entitled to a waiver of all fees except "reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II). Federal law mandates that fees be limited to document duplication costs for any requester that qualifies as a representative of the news media. *Id.* Protect Democracy Project is a 501(c)(3) good government organization that qualifies under FOIA as a "representative of the news media." Courts have also held that non-profit public interest groups which disseminate information to the public qualify as "representatives of the news media" for purposes of FOIA's fee reduction provision.[1] The purpose of Protect Democracy Project is to "gather

[1] *See, e.g., Cause of Action v. IRS*, 125 F. Supp. 3d 145 (D.C. Cir. 2015); *Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10–15 (D.D.C. 2003) (finding non-profit public interest group that disseminated

Protect Democracy PROJECT

information of potential interest to a segment of the public, use its editorial skills to turn the raw materials into distinct work, and distribute that work to an audience." *See Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989).

Indeed, Protect Democracy Project has routinely demonstrated its ability to disseminate information about its FOIA requests to a wide audience. *See, e.g.*, *Protect Democracy Project, Inc. v. U.S. Dep't of Just.*, 498 F. Supp. 3d at 139 (Protect Democracy Project "listed examples of previous instances when it 'disseminate[d] information about its FOIA requests to a wide audience.'"). Protect Democracy Project will disseminate information and analysis about this request—and any information obtained in response— through, among other places, the website protectdemocracy.org; the Bluesky feed https://bsky.app/profile/protect democracy.org, which has more than 124,000 followers; a Substack subscriber list of approximately 47,000 people; a LinkedIn page with over 19,000 followers; and by sharing information with other members of the press. Protect Democracy Project should therefore be considered a "representative of the news media" for fee waiver purposes. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II).

If the request for a fee waiver is denied and there are fees for responding to this request, Protect Democracy Project authorizes charges up to $1000.00. If fees will exceed $1000.00, please contact me before processing the request.

## <u>RESPONSIVE RECORDS</u>

We ask that you search all systems of records, including electronic and paper, in use at your agency, as well as files or e-mails in the personal custody of your employees, such as personal e-mail accounts, as required by FOIA and to the extent that they are reasonably likely to contain responsive records. Protect Democracy Project would prefer records in electronic format, saved as PDF documents, and transmitted via e-mail.

---

an electronic newsletter and published books was a "representative of the news media" for purposes of the FOIA); *Nat'l Sec. Archive v. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); *Judicial Watch, Inc. v. DOJ*, 133 F. Supp. 2d 52, 53–54 (D.D.C. 2000) (finding Judicial Watch, self-described as a "public interest law firm," to be a news media requester).

Protect Democracy PROJECT

If you make a determination that any responsive record, or any segment within a record, is exempt from disclosure, we ask that you provide an index of those records at the time you transmit all other responsive records. In the index, please include a description of the record and the reason for exclusion with respect to each individual exempt record or exempt portion of a record, as provided by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). When you deem a portion of a record exempt, we ask that the remainder of the record be provided, as required by 5 U.S.C. § 552(b).

Given the 20-day statutory deadline, 5 U.S.C. § 552(a)(6)(A)(i), we hope to be as helpful as possible in clarifying or answering questions about our request. Please contact me at FOIA@protectdemocracy.org or if you require any additional information. We appreciate your cooperation, and look forward to hearing from you very soon.

Sincerely,

*/s/ Katie Schwartzmann*

Katie Schwartzmann
*Special Counsel*
Protect Democracy Project
2020 Pennsylvania Avenue NW, Suite 163
Washington, DC 20006-1811
FOIA@protectdemocracy.org |

**Exhibit 2**

07/29/2026

Katie Schwartzmann
Protect Democracy Project
2020 Pennsylvania Ave NW
#163
Washington, District of Columbia 20006

RE: ICE FOIA Request 2026-ICFO-34003

Dear Requester:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated 7/17/2026, in which you requested: records pertaining to DHS, ICE, and CBP records from May 1, 2025 through the search date concerning media, social media influencer, or civilian access to DHS operations, secure perimeters, staff, ride-alongs, related authorizations or denials, communications, payments or remuneration, press-marked equipment expenditures and distribution, related guidance for enforcement operations in specified cities, non-DHS individuals accompanying Kristi Noem at the Portland ICE detention center, expenditures for specified DHS videos, and records describing the processing of the request itself. Our office received your request on 7/17/2026.

After reviewing your request, we determined that it is overly broad, unduly burdensome on the agency, and does not reasonably describe the records you are seeking. Requests should clearly state that they are being made under the Freedom of Information Act and must describe the records in reasonably sufficient detail to enable government employees familiar with the subject area to locate them without placing an unreasonable burden on the agency.

Pursuant to 6 C.F.R. § 5.3(b), you are required to describe the records you seek as specifically as possible to ensure they can be located with a reasonable amount of effort. Whenever possible, your request should include specific information such as dates or timeframes, locations, titles or names, authors, recipients, case numbers, alien numbers, subject matter, search terms, the ICE program office you believe created or controls the records, or other identifying details. Please also note that FOIA does not require agencies to create new records, conduct research or analysis, answer questions, or otherwise interpret or explain matters for a requester.

Because you did not provide a reasonable description of the records you are seeking, your request does not meet the requirements of a proper FOIA request, and we are unable to accept it at this time. Accordingly, we have administratively closed your request and will take no further action on it. This administrative closure does not preclude you from submitting a new, modified request for consideration under the FOIA.

To resubmit your request to ICE, please log in to the SecureRelease portal, select “Department of Homeland Security” from the “Agency” dropdown menu, and then select “U.S. Immigration & Customs Enforcement” from the “Component” dropdown menu. Carefully review and follow all instructions provided in the portal and, when prompted, enter a reasonable description of the records you are seeking. If needed, you may also consult the ICE FOIA website for additional information on how to submit a FOIA request to ICE.

If you require assistance to reasonably describe the records you are seeking, you may contact the ICE FOIA Public Liaison at ICEFOIAPublicLiaison@ice.dhs.gov or (866) 633-1182.

You also have the right to seek dispute resolution services from the Office of Government Information Services (OGIS). OGIS is a neutral office that helps resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation. Please note that if you are requesting access to your own records (a Privacy Act request), OGIS does not have authority to handle disputes arising under the Privacy Act of 1974. You may contact OGIS at:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road-OGIS
College Park, MD 20740-6001
Email: ogis@nara.gov
Telephone: 202-741-5770
Toll-free: 1-877-684-6448

Your request has been assigned reference number 2026-ICFO-34003. Please include this number in any future correspondence regarding your request.

Sincerely,
Freedom of Information Act (FOIA) Office

Office of Information Governance and Privacy
U.S. Immigration and Customs Enforcement (ICE)

ICE-FOIA@ice.dhs.gov | www.ice.gov/foia

Exhibit 3

Protect Democracy PROJECT

July 17, 2026

U.S. Customs and Border Protection
Freedom of Information Act Office
1300 Pennsylvania Ave NW, Mail Stop 1181
Washington, DC 20229-1181

RE: FOIA Request re DHS, CBP, and ICE media and influencers
VIA: CBP FOIA Portal, SecureRelease.us

Dear FOIA Officer,

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Protect Democracy Project hereby requests that your office produce within 20 business days the following records:

From May 1, 2025, through the date on which searches are conducted for records responsive to this request:

1. All contracts, agreements, memoranda of understanding, waivers, payments, or other documents in possession of the Department of Homeland Security ("DHS") (including but not limited to employees of Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP")) granting any member of the media, social media "influencer," or other civilian access to DHS operations, secure perimeters, and/or DHS/ICE/CBP staff.

2. All documents denying any member of the media or social media "influencer" access to DHS operations, secure perimeters, and/or DHS/ICE/CBP staff, including specifically all communications with individuals or outlets so denied.

3. Documents sufficient to identify non-DHS employees allowed to ride along in vehicles with or in convoy with DHS agents in Chicago, New Orleans, Minneapolis, Portland, and Los Angeles, including members of the media and social media "influencers." For the purposes of these requests, "DHS employees" include persons regularly employed by U.S. Immigration and

Protect Democracy PROJECT

Customs Enforcement, U.S. Customs and Border Protection, and any other federal law enforcement agents operating within DHS, including contractors.

4. All documents sufficient to show any payment of funds or other remuneration to, from, or earmarked for, any individual identified in response to request number 3.

5. All documents sufficient to identify all persons who are not DHS employees who were authorized to be inside the secure perimeter of DHS operations in Chicago, New Orleans, Minneapolis, Portland OR, Portland ME, and Los Angeles. For the purposes of these requests, “inside the secure perimeter of DHS operations” means any place to which the general public was not allowed access, such as inside buildings, behind gates, skirmish lines, or otherwise in close physical proximity to DHS agents.

6. All documents sufficient to show to any payment of funds or other remuneration to, from, or earmarked for, any individual identified in response to request number 5.

7. All e-mail communication between DHS employees and/or its contractors, and all non-DHS employees identified in response to requests 3 and 5.

8. All communications, including through messaging apps (including Signal and WhatsApp) between DHS employees and/or its contractors, and all non-DHS employees identified in response to these requests 3 and 5.

9. All documents sufficient to show DHS expenditures for placards, patches, vests, or windbreakers marked “Media” or “Press.”

10. All documents sufficient to show the identity of all individuals to whom DHS-funded placards, patches, vests, or windbreakers marked “Media” or “Press” were distributed for use.

11. All agency guidance issued governing how to treat or interact with members of the media or influencers in enforcement operations in Chicago, New

Protect Democracy PROJECT

Orleans, Charlotte, Minneapolis, Portland OR, Portland ME, and Los Angeles.

12. All documents (including contracts, agreements, waivers, payments, and memoranda of understanding) referencing non-DHS employees accompanying Kristi Noem to the roof of the ICE detention center in Portland Oregon on October 7, 2025 and otherwise present at the Portland ICE detention center on other dates.

13. All e-mail communication between DHS employees and/or its contractors, and all non-DHS employees identified in response to request 12.

14. All communications, including through messaging apps (including Signal and What'sApp) between DHS employees and/or its contractors, and all non-DHS employees identified in response to request 12.

15. Documents sufficient to show expenditures for the production of videos pertaining to DHS Operation Midway Blitz and Portland ICE protests, including payroll of staff and contractors, and including specifically any funds expended on:
    a. DHS video pertaining to the September 30 2025 raid of a South Shore IL neighborhood apartment building;
    b. DHS video pertaining to the September 16 2025 raid of a house in Elgin IL; and
    c. Videos published on DHS Instagram and X accounts between October 4-7 2025 showing munitions deployed outside of the Portland OR ICE facility.

16. In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

Protect Democracy PROJECT

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, social media posts and messages, messages on messaging applications, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, and anyone who was cc'ed or bcc'ed on any emails.

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. See 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity. We prefer to receive the records in electronic format; however, we are willing to accept the best available copy of each such record.

## EXPEDITED PROCESSING

Protect Democracy Project requests that you expedite the processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E) and 47 C.F.R. § 0.461(h). FOIA provides for expedited processing where a requestor "demonstrates a compelling need." 5

U.S.C. § 552(a)(6)(E)(i); *see also* 47 C.F.R. § 0.461(h)(2). It defines "compelling need" to include situations where a "request [is] made by a person primarily engaged in disseminating information" and there exists an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v); *see also* 47 C.F.R. § 0.461(h)(3)(ii).

This request meets the criteria for expedited processing because there is an "urgency to inform the public concerning actual or alleged Federal Government activity"—namely the use of propaganda— and because Protect Democracy Project is "primarily engaged in disseminating information."

Courts have found that Protect Democracy "easily" satisfies the criteria for a requester primarily engaged in disseminating information. *Protect Democracy Project v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017); *see Protect Democracy Project v. U.S. Dep't of Just.*, 498 F. Supp. 3d 132, 139 (D.D.C. 2020). As explained below in more detail in the section of this request regarding a fee waiver, the Protect Democracy Project intends to disseminate publicly the information obtained in response to this request.

Moreover, there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E). This matter is urgent, and therefore merits expedited processing, because the public must be informed of the government activity at issue, including government expenditures on media efforts and treatment of members of the media.. Media coverage on the topic has been extensive. "[S]uch media coverage is strong evidence of an 'urgency to inform' the public." *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 299 (D.D.C. 2017); *see also Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 75 (D.D.C. 2006) ("Because the urgency with which the plaintiff makes its FOIA request is predicated on a matter of current national debate, . . . a likelihood for irreparable harm exists if the plaintiff's FOIA request does not receive expedited treatment."); *Protect Democracy Project, Inc. v. United States Dep't of Just.*, 498 F. Supp. 3d 132, 140 (D.D.C. 2020) (finding urgency in similar circumstances).

Pursuant to 5 U.S.C. § 552(a)(6)(E)(vi), I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief. And pursuant to 5 U.S.C. §

Protect Democracy PROJECT

552(a)(6)(E)(ii) and 47 C.F.R. § 0.461(h)(4)(i), I seek your decision to grant or deny expedited processing within 10 calendar days of your receipt of this request.

**FEE WAIVER**

Protect Democracy agrees to pay up to $1,000 in fees associated with this request in the event a fee waiver is denied. Thus, D.H.S. should not delay this FOIA request while fee waiver is under consideration. *See* 47 C.F.R. § 0.461(b)(2).

FOIA provides that any fees associated with a request are waived if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). One of the core missions of Protect Democracy Project, a 501(c)(3) organization, is to inform public understanding of the operations and activities of the government. This request is submitted in furtherance of the organization's mission to gather and disseminate information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Courts have found that Protect Democracy "easily" satisfies the criteria for a requester primarily engaged in disseminating information. *Protect Democracy Project v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017); *see Protect Democracy Project v. U.S. Dep't of Just.*, 498 F. Supp. 3d 132, 139 (D.D.C. 2020).] Protect Democracy Project has no commercial interests.

In addition to satisfying the requirements for a waiver of fees associated with the search and processing of records, Protect Democracy Project is entitled to a waiver of all fees except "reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II). Federal law mandates that fees be limited to document duplication costs for any requester that qualifies as a representative of the news media. *Id.* Protect Democracy Project is a 501(c)(3) good government organization that qualifies under FOIA as a "representative of the news media." Courts have also held that non-profit public interest groups which disseminate information to the public qualify as "representatives of the news media" for purposes of FOIA's fee reduction provision.[1] The purpose of Protect Democracy Project is to "gather

[1] *See, e.g.*, *Cause of Action v. IRS*, 125 F. Supp. 3d 145 (D.C. Cir. 2015); *Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10–15 (D.D.C. 2003) (finding non-profit public interest group that disseminated

Protect Democracy PROJECT

information of potential interest to a segment of the public, use its editorial skills to turn the raw materials into distinct work, and distribute that work to an audience." *See Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989).

Indeed, Protect Democracy Project has routinely demonstrated its ability to disseminate information about its FOIA requests to a wide audience. *See, e.g.*, *Protect Democracy Project, Inc. v. U.S. Dep't of Just.*, 498 F. Supp. 3d at 139 (Protect Democracy Project "listed examples of previous instances when it 'disseminate[d] information about its FOIA requests to a wide audience.'"). Protect Democracy Project will disseminate information and analysis about this request—and any information obtained in response— through, among other places, the website protectdemocracy.org; the Bluesky feed https://bsky.app/profile/protect democracy.org, which has more than 124,000 followers; a Substack subscriber list of approximately 47,000 people; a LinkedIn page with over 19,000 followers; and by sharing information with other members of the press. Protect Democracy Project should therefore be considered a "representative of the news media" for fee waiver purposes. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II).

If the request for a fee waiver is denied and there are fees for responding to this request, Protect Democracy Project authorizes charges up to $1000.00. If fees will exceed $1000.00, please contact me before processing the request.

## RESPONSIVE RECORDS

We ask that you search all systems of records, including electronic and paper, in use at your agency, as well as files or e-mails in the personal custody of your employees, such as personal e-mail accounts, as required by FOIA and to the extent that they are reasonably likely to contain responsive records. Protect Democracy Project would prefer records in electronic format, saved as PDF documents, and transmitted via e-mail.

---

an electronic newsletter and published books was a "representative of the news media" for purposes of the FOIA); *Nat'l Sec. Archive v. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); *Judicial Watch, Inc. v. DOJ*, 133 F. Supp. 2d 52, 53–54 (D.D.C. 2000) (finding Judicial Watch, self-described as a "public interest law firm," to be a news media requester).

Protect Democracy PROJECT

If you make a determination that any responsive record, or any segment within a record, is exempt from disclosure, we ask that you provide an index of those records at the time you transmit all other responsive records. In the index, please include a description of the record and the reason for exclusion with respect to each individual exempt record or exempt portion of a record, as provided by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). When you deem a portion of a record exempt, we ask that the remainder of the record be provided, as required by 5 U.S.C. § 552(b).

Given the 20-day statutory deadline, 5 U.S.C. § 552(a)(6)(A)(i), we hope to be as helpful as possible in clarifying or answering questions about our request. Please contact me at FOIA@protectdemocracy.org or if you require any additional information. We appreciate your cooperation, and look forward to hearing from you very soon.

Sincerely,

*/s/ Katie Schwartzmann*
Katie Schwartzmann
*Special Counsel*
Protect Democracy Project
2020 Pennsylvania Avenue NW, Suite 163
Washington, DC 20006-1811
FOIA@protectdemocracy.org |