UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al,<br><br>Defendants | Case No. 26-2931 (AHA) |

**ANSWER**

Defendant the Department of Homeland Security and its component Customs and Border Protection ("CBP"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Protect Democracy Project ("Plaintiff") in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendants expressly deny any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant CBP responds to the Complaint in like numbered paragraphs as follows:

## COMPLAINT[1]

1. This paragraph consists of Plaintiff's characterization of the what is required of Defendants under the FOIA statute and conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent with the text of the statute.

## PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph

3. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, thus no response is required.

4. Defendants admit CBP is subject to the FOIA and respectfully refers the court to the FOIA statute itself and denies anything inconsistent with the statute. Defendant further denies it has violated the FOIA statute.

5. Defendant admits CBP is a component of DHS.

## JURISDICTION AND VENUE

6. This paragraph consists of legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7. This paragraph consists of legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district for actions brought under FOIA.

**JULY 17, 2026 FOIA REQUEST TO ICE**

8. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed and thus no response is required.

9. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed and thus no response is required.

10. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

11. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

12. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

13. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

14. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

15. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

16. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

17. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

**JULY 17, 2026 FOIA REQUEST TO CBP**

18. Defendants admit that Plaintiff sent a FOIA request to Defendant CBP on or about July 17, 2026. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

19. Defendants admit that Plaintiff sent a FOIA request to Defendant CBP on or about July 17, 2026. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

20. Defendants admits Plaintiff's July 17, 2026 FOIA request at issue sought expedited processing.

21. Defendants admit CBP has not sent any correspondence to Plaintiff regarding the July 17, 2026, FOIA request.

22. Defendants admit that as of the date of the Complaint CBP has not issued a final determination on Plaintiff's July 17, 2026, FOIA request.

23. Defendants admit that as of the date of the Complaint CBP has not released any records related to Plaintiff's July 17, 2026, FOIA request.

**COUNT I- ICE's FOIA VIOLATION**

24. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

25. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

26. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

27. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

28. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

29. The allegations in this paragraph pertain to claims against ICE where a motion to dismiss was contemporaneously filed, and thus no response is required.

**COUNT II- CBP'S FOIA VIOLATION**

30. Defendants incorporate by reference their responses to the above paragraphs.

31. This paragraph consists of Plaintiff's description of its FOIA request and conclusions of law to which no response is required. To the extent a response is required, Defendants admit that Plaintiff submitted a FOIA request to CBP on or about July 17, 2026. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

32. Defendants admit CBP is subject to the FOIA and respectfully refers the court to the FOIA statute itself and denies anything inconsistent with the statute. Defendants further deny they violated the FOIA statute.

33. This paragraph asserts conclusions of law to which no response is required, to the extent a response is required, Defendants admit Plaintiff made a FOIA request to CBP on or about July 17, 2026. Defendants respectfully refers the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith and the remainder of the paragraph.

34. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants admit that as of the date of the Complaint, CBP has not issued a final response to Plaintiff's July 17, 2026, FOIA request.

35. Defendants admit that as of the date of the Complaint CBP has not issued a final determination on Plaintiff's July 17, 2026, FOIA request.

36. Defendants admit that as of the date of the Complaint CBP has not issued a final determination on Plaintiff's July 17, 2026, FOIA request.

**RELIEF REQUESTED**

The remainder of the Complaint asserts Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

**DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

**THIRD DEFENSE**

One or more of the FOIA requests, or subparts thereto, are not valid requests as they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process. The request, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by FOIA.

**FOURTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**SIXTH DEFENSE**

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

Dated: October 13, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*By: /s/ Samantha-Josephine Baker*

SAMANTHA-JOSEPHINE BAKER
FL Bar #105714
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Tel: (202) 252-2435

Samantha-Josephine.Baker@usdoj.gov

*Attorneys for the United States of America*